1  **Andrew A. Bao (SBN 247092)**
   *aabao@wolfewyman.com*
2  **Meagan S. Tom (SBN 2733489)**
   *mstom@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **2175 N. California Blvd., Suite 645**
4  **Walnut Creek, California 94596-3502**
   **Telephone:  (925) 280-0004**
5  **Facsimile:   (925) 280-0005**

6  **Attorneys for Defendant**
   **SPECIALIZED LOAN SERVICING LLC**
7

8                    **UNITED STATES DISTRICT COURT**

9                        **NORTHERN DIVISION**

10

11  SPECIALIZED LOAN SERVICING LLC,          Case No.:
    SPECIALIZED ASSET MANAGEMENT LLC,
12  MTC FINANCIAL, INC. dba TRUSTEE CORPS,    *(Superior Court Case No. 114CV272638)*
    DEUTSCHE BANK NATIONAL TRUST AS
13  TRUSTEE FOR GSR MORTGAGE LOAN            **NOTICE OF REMOVAL OF ACTION**
    TRUST 2006-0A1, ALL PERSONS UNKNOWN      **UNDER 28 U.S.C. § 1441 [DIVERSITY OF**
14  CLAIMING ANY LEGAL OR EQUITABLE          **CITIZENSHIP]**
    RIGHT, TITLE, ESTATE, LIEN, OR INTEREST
15  IN THE PROPERTY DESCRIBED IN THE
    COMPLAINT ADVERSE TO PLAINTIFFS'
16  TITLE, OR ANY CLOUD ON PLAINTIFFS'
    TITLE THERETO; and DOES 1-20, INCLUSIVE,
17
              Defendants.
18

19

20  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21        **PLEASE TAKE NOTICE** that Defendants SPECIALIZED LOAN SERVICING, LLC

22  ("SLS"), SPECIALIZED ASSET MANAGEMENT, LLC ("SAM") and DEUTSCHE BANK

23  NATIONAL TRUST AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A19

24  ("Deutsche") (collectively "Defendants") hereby removes the state action described below to this

25  Court pursuant to 28 U.S.C. § 1441(b) *et seq.*

26        1.        On or about October 31, 2014, an action was filed in the Superior Court of the State

27  of California in and for the County of Santa Clara, entitled *Aashwini Lal v. Specialized Loan*

28

                                          1

1  *Servicing, LLC, et. al.,* and assigned case number 1-14-cv-272638.  A true and correct copy of the

2  complaint filed in the state action is attached hereto as **Exhibit A**.

3  <u>**DIVERSITY OF CITIZENSHIP**</u>

4  2.     This action is a civil action of which this Court has original jurisdiction under

5  28 U.S.C. § 1331, and hence this action may be removed to this Court by Defendants pursuant to the

6  provisions of 28 U.S.C. § 1441(b) based upon diversity of citizenship of parties.

7  3.     Plaintiff AASHWINI LAL is domiciled in the State of California and is a citizen of

8  the State of California.

9  4.     SLS is incorporated in the State of Delaware with its principal place of business in the

10  State of Colorado.

11  5.     SAM is incorporated in the State of Delaware with its principal place of business in

12  the State of Colorado.

13  6.     Deutsche is a New York corporation with its principal place of business in New York.

14  The only other named defendant in this matter is MTC Financial, Inc. dba Trustee Corps ("MTC").

15  7.     MTC is no longer a party to this matter, or is a nominal party to this matter, because

16  on December 1, 2014 and December 12, 2014, MTC filed a declaration of non-monetary status

17  pursuant to California *Civil Code* Section 29241.  In addition, Defendants are informed and believes

18  that MTC was fraudulently joined as a defendant in this case, specifically because MTC is merely

19  the trustee under the deed of trust that secures the subject loan and is therefore protected by the

20  privilege under California Civil Code sections 47, 2924, and 2924*l* . Thus, under settled California

21  law, Plaintiff cannot have any cause of action against MTC relating to or arising from the facts and

22  circumstances alleged in the Complaint.

23  8.     On February 25, 2015, Plaintiff Aashwini Lal (hereinafter, "Plaintiff") effectuated

24  service of the summons and a copy of the complaint on SLS and SAM.  Deutsche is informed, and

25  believes, and thereon alleges that service of the summons and a copy of the complaint was

26  effectuated the week of March 9, 2015.  Thus, removal is timely pursuant to 28 U.S.C. § 1446(b) as

27  the thirty (30) day time limit has not yet expired.

28  9.     There are no other named Defendants.

**NOTICE OF REMOVAL**

WOLFE&WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1948936.1

**AMOUNT IN CONTROVERSY**

10.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the $75,000 minimum for the following reasons:

a.    On the First Amended Complaint, Plaintiff seeks to rescind a foreclosure sale regarding real property located at 1208 Lodestone Drive, San Jose, California ("Subject Property"), declaratory relief, compensatory, special, general, and punitive damages, civil penalties, restitution, injunctive relief, and attorney's fees.

b.    "In actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (*Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).)  "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." (*Reyes v. Wells Fargo Bank, N.A.,* 2010 WL 2629785 (N.D.Cal June 29, 2010).)

c.    The property value of the Subject Property that Plaintiff seek to rescind the foreclosure sale, according to Zillow.com as of March 6, 2015 is $596,568.00.  (See Declaration of Meagan S. Tom, **Exhibit B** ¶ 3.).  Thus, the amount in controversy exceeds $75,000.00.

11.    Supplemental jurisdiction of any state law claim is proper under 28 U.S.C. § 1367(a).

12.    The United States District Court for the Northern District of California has jurisdiction in this civil action because the real property that is the subject of thereof is located in San Jose, Santa Clara County, California, which is within the Northern District of California.  28 U.S.C. § 84(b).  Moreover, the Superior Court of California for the County of Santa Clara is located within the Northern District of California.  Id.  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

13.    Pursuant to Civil Local Rule 3-2(e), the particular court division to which this civil action should be assigned is the San Jose Division because the location of the real property that is the subject of this action is in Santa Clara County and because this action is being removed from the Superior Court in Santa Clara.

**NOTICE OF REMOVAL**

14.     Pursuant to 28 U.S.C. § 1446(a), Defendants filed this notice of removal in the District Court of the United States for the District and Division within which the state court action is pending.

15.     Pursuant to 28 U.S.C. § 1446(a), Defendants hereby attach as **Exhibit C,** true and correct copies of process, pleadings and orders provided to Defendants in the state court action.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the removal to all adverse parties and will file a copy of the notice with the clerk of the Superior Court of California, Santa Cruz County.

17.     WHEREFORE, Defendants hereby remove California Superior Court, in and for the County of Santa Clara, Case No. 1-14-CV-272638 to the United States District Court for the Northern District.

DATED:  March 27, 2015                    WOLFE & WYMAN LLP


By:  /s/ Meagan S. Tom  SBN 273489
        ANDREW A. BAO
        MEAGAN S. TOM
Attorneys for Defendant
**SPECIALIZED LOAN SERVICING LLC**

1948936.1



WOLFE & WYMAN LLP

EXHIBIT "A"

1 | Michael D. Bluto, Esq.
P. O. Box 617
2 | Corte Madera, CA 94976
3 | Tel:(415) 886-0001
Fax:(510) 488-3106
4 | mbluto@blutolaw.com
SBA #269467
5 | Attorney for Aashwini Lal

6

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SANTA CLARA**

10 | **CIVIL DIVISION**

11

12 | AASHWINI LAL ) Case No.: **1 1 4 C V 2 7 2 6 3 8**
| ) VERIFIED COMPLAINT FOR
13 | Plaintiff, ) (1) NEGLIGENCE;
| ) (2) WRONGFUL FORECLOSURE;
14 | vs. ) (3) WRONGFUL FORECLOSURE;
| ) (4) BREACH OF THE IMPLIED
15 | SPECIALIZED LOAN SERVICING LLC, ) COVENANT OF GOOD FAITH AND
16 | SPECIALIZED ASSET MANAGEMENT ) FAIR DEALING;
| LLC, MTC FINANCIAL, INC. dba ) (5) UNJUST ENRICHMENT
17 | TRUSTEE CORPS, ALL PERSONS ) (6) VIOLATION OF BUSINESS AND
| UNKNOWN, CLAIMING ANY LEGAL OR ) PROFESSIONS CODE SECTIONS
18 | EQUITABLE RIGHT, TITLE, ESTATE, ) 17200 ET SEQ.;
19 | LIEN, OR INTEREST IN THE PROPERTY )
| DESCRIBED IN THE COMPLAINT ) JURY TRIAL DEMANDED
20 | ADVERSE TO PLAINTIFFS' TITLE, OR )
| ANY CLOUD ON PLAINTIFFS' TITLE )
21 | THERETO; and DOES 1 - 20, INCLUSIVE )

22 | Defendants,

23

24

25 | Plaintiffs AASHWINI LAL, by and through her counsel, complains and for causes of action

26 | alleges as follows:

27 | 1. Plaintiff AASHWINI LAL ("Plaintiff") at all times mentioned herein is a resident of

28

1   Santa Clara County, California, residing at 1208 Lodestone Drive, San Jose, CA ("subject
2   property").

3       2.  Plaintiffs do not know the true names and capacities of the defendants sued herein as
4   DOES 1 through 50 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants
5   by fictitious names. Plaintiffs are informed and believe and based on such information and
6   belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally,
7   vicariously liable and or otherwise legally responsible in some manner for the acts and
8   omissions described herein. Plaintiffs will amend this Complaint to set forth the true names and
9   capacities of each DOE Defendant when same are ascertained.

10      3.  Plaintiff is informed and believes and based thereon alleges that Defendant
11  SPECIALIZED LOAN SERVICING LLC ("SLS") is and at all times relevant to the facts
12  herein, was a Delaware corporation registered to do business in California, and doing business
13  in the County of Santa Clara, State of California as a loan servicer.

14      4.  Plaintiff is informed and believes and based thereon alleges that Defendant
15  SPECIALIZED ASSET MANAGEMENT LLC ("SAM") is and at all times relevant to the facts
16  herein, was a Delaware corporation registered to do business in California, and doing business
17  in the County of Santa Clara, State of California as a manager of foreclosed properties.

18      5.  Plaintiff is informed and believes and based thereon alleges that Defendant MTC
19  FINANCIAL, INC. is and at all times relevant to the facts herein, was a California corporation
20  doing business as TRUSTEE CORPS ("TC") doing business as a trustee.

21      6.  "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or
22  Interest In The Property Described In The Complaint Adverse To Plaintiffs' Title, Or Any
23  Cloud On Plaintiffs' Title Thereto" are sued herein pursuant to California Code of Civil
24  Procedure Section 762.020(a).

25      7.  Plaintiff does not know the true name of the defendant sued herein as DOE 1 ("Doe 1"),
26  and therefore sues said Doe1 by a fictitious name. Plaintiff is informed and believes and based
27  thereon alleges that Defendant Doe 1 is, and at all times relevant to the facts herein was, doing
28

1  business in the County of Santa Clara, State of California as an lender. Plaintiff is informed and
2  believes and based on such information and belief alleges that Doe 1 is contractually, strictly,
3  negligently, intentionally, vicariously liable and or otherwise legally responsible in some
4  manner for the acts and omissions described herein. Plaintiffs will amend this Complaint to set
5  forth the true name and capacity of each Doe 1when same are ascertained.

6    8.  Plaintiff does not know the true names and capacities of the defendants sued herein as
7  DOES 2 through 20-("DOE Defendants"), inclusive, and therefore sues said DOE Defendants
8  by fictitious names. Plaintiff is informed and believes and based on such information and belief
9  alleges that each of the DOE Defendants is contractually, strictly, negligently, intentionally,
10  vicariously liable or otherwise legally responsible in some manner for the acts and
11  omissions described herein. Plaintiff will amend this Complaint to set forth the true names and
12  capacities of each DOE Defendant when same are ascertained.

13    9.  Plaintiff us informed and believes and based on such information and belief aver that
14  Defendants SLS, SAM, TR, Doe 1and DOE Defendants 2 through 10, inclusive, and each of
15  them, are and at all material times have been, the agents, servants or employees of each other,
16  purporting to act within the scope of said agency, service or employment in performing the acts
17  and omitting to act as averred herein. SLS, SAM, TR, Doe 1and DOE Defendants 2 through 10,
18  inclusive, are hereinafter collectively referred to as the "Foreclosing Defendants."

19    10. Each of the Defendants named herein are believed to, and are alleged to have been
20  acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each
21  of the other Defendants, and are therefore alleged to be jointly and severally liable for the
22  claims set forth herein, except as otherwise alleged.

23    11. Plaintiff entered into a mortgage loan contract ("the loan") with Doe 1 with the subject
24  property serving as collateral for the loan.

25    12. TR is, and at all times relevant to the facts herein, was utilized by Doe 1 as the trustee
26  for the loan.

27    13. Plaintiff fell behind on payments and subsequently defaulted on the loan.

28

1    14. SLS became the servicer of the loan on June 1, 2014.

2    15. Plaintiff brings this complaint for damages and injunctive relief due to "dual-tracking."

3    16. Specifically, Plaintiff has attempted in good faith to communicate with SLS toward a

4    modification of their home loan unsuccessfully.

5    17. Shortly after June 9, 2014 Plaintiff received a letter from SLS stating SLS was the

6    servicer of the loan as of June 1, 2014.

7    18. After receiving the aforesaid letter from SLS, Plaintiff sent a request for mortgage

8    assistance to SLS on June 13, 2014.

9    · 19. Plaintiff sent supporting documents to SLS from June 13, 2014 to June 17, 2014.

10   Plaintiff believed the application to be complete at this time.

11   20. On June 16, 2014 TC sent a letter to Plaintiff postponing a planned foreclosure sale to

12   July 18, 2014.

13   21. On July 3, 2014 SLS sent a letter to Plaintiff identifying a relationship manager.

14   22. On July 16, 2014 TC sent a letter to Plaintiff postponing the foreclosure sale to 8/13.

15   23. On July 29, 2014 SLS sent a letter to Plaintiff claiming it had not evaluated the loan

16   form modification because Plaintiff had not submitted necessary documents. At no time before

17   did SLS send a written notice to Plaintiff detailing what documents were missing.

18   24. After verbal discussions between Plaintiff's attorney Michael Bluto ("Bluto") and SLS,

19   Plaintiff sent more documents to SLS, including tax returns with signatures instead of PIN

20   numbers, and updated financial information. The documents were sent between August 8, 2014

21   and August 11, 2014. Plaintiff believes that at this point the application was complete.

22   25. On August 12, 2014 SLS sent Plaintiff a form letter requesting additional documents,

23   but failed to request any documents specific to Plaintiff's request for modification.

24   26. On August 12, 2014 TR sent Plaintiff a letter postponing the foreclosure sale to October

25   6, 2014.

26   27. In mid-to-late September, 2014 Bluto called SLS to inquire as to the status of the request

27   for modification. Bluto was told that several financial statements were out-of-date, and that

28   Plaintiff should submit a new request for modification application.

LAL V. SPECIALIZED LOAN SERVICING LLC PLAINTIFF'S VERIFIED COMPLAINT    4

1    28. Having received no written denial or requests for documentation after sending

2  documents in August, and relying on the verbal request, Plaintiff submitted another complete,

3  up-to-date application to SLS on October 2, 2014.

4    29. On October 3, 2014, SLS verbally confirmed to Bluto that it had received the RMA and

5  all documentation needed.

6    30. Despite the Plaintiff's submission of two complete requests for mortgage assistance, and

7  without ever issuing a written denial of the requests or a meaningful written request for missing

8  documents Foreclosure Defendants sold the subject property at a foreclosure sale on October 6,

9  2014.

10    31. Plaintiff found out about the foreclosure sale until October 24, 2014 when an individual

11  visited the subject property and delivered notice that SAM is representing the new owner of the

12  property.

13    32. SLS strung along Plaintiff regarding the review of her application for loan modification.

14  Rather than offering Plaintiff a meaningful review for assistance, Defendants focused their

15  efforts on their own interests to foreclose.

16    33. Consequently, Plaintiff is informed and believes and based thereon alleges that SLSs'

17  lack of assistance was in bad faith, and the sparse communications from SLS to Plaintiff prior to

18  the sale were a mere smokescreen to lull Plaintiff into a believing SLS was acting in good faith

19  to review Plaintiff for a loan modification.

20

21                                    **FIRST CAUSE OF ACTION FOR**

22                                              **NEGLIGENCE**

23    34. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

24  33, inclusive, as though fully set forth herein.

25    35. At all times relevant herein, the Foreclosing Defendants, acting as Plaintiffs' lender and

26  loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate

27  loan records and to discharge and fulfill the other incidents attendant to the maintenance,

28  accounting and servicing of loan records, including, but not limited, accurate review of requests

1  for mortgage assistance.

2  36. In taking the actions alleged above, and in failing to take the actions as alleged above,

3  the Foreclosing Defendants breached their duty of care and skill to Plaintiff in the servicing of

4  Plaintiff's loan by, among other things, filing false documents, and foreclosing on the Subject

5  Property without having the legal authority and/or proper documentation to do so.

6  37. As a direct and proximate result of the negligence and carelessness of the Foreclosing

7  Defendants as set forth above, Plaintiff suffered general and special damages in an amount to be

8  determined at trial.

9

10  **SECOND CAUSE OF ACTION**

11  **WRONGFUL FORECLOSURE**

12  38. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through

13  37, inclusive, as though fully set forth herein.

14  39. Plaintiff is informed and believes and thereon alleges that after the origination and

15  funding of the loan, it was sold to investors as a "mortgage backed security" and that none of

16  the Foreclosing Defendants in this action owned this loan, or the corresponding note.

17  Moreover, none of the Foreclosing Defendants in this action were lawfully appointed as trustee

18  or had the original note assigned to them. Accordingly, none of the Foreclosing Defendants in

19  this action had the right to declare default, cause notices of default to be issued or recorded, or

20  foreclose on Plaintiff's interest in the Subject Property. The Foreclosing Defendants were not

21  the note holder or a beneficiary at any time with regard to Plaintiff's loan.

22  40. Plaintiff further alleges on information and belief that none of the Foreclosing

23  Defendants in this action are beneficiaries or representatives of the beneficiary and, if the

24  Foreclosing Defendants allege otherwise, they do not have the original note to prove that they

25  are in fact the party authorized to conduct the foreclosure.

26  41. Plaintiff further alleges on information and belief that the loan was sold or transferred

27  without notifying the Plaintiffs in writing. Therefore, the loan is void of legal rights to enforce

28  it. Accordingly, the Foreclosing Defendants did not fulfill their legal obligation to Plaintiff.

1    42. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject

2    Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the

3    Subject Property.

4    43. As a result of the above alleged wrongs, Plaintiff has suffered general and special

5    damages in an amount to be determined at trial.

6

7                                   **THIRD CAUSE OF ACTION**

8                                   **WRONGFUL FORECLOSURE**

9    44. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

10   43, inclusive, as though fully set forth herein.

11   45. The Homeowners Bill of Rights States: "It is the intent of the Legislature that the

12   mortgage servicer offer the borrower a loan modification or workout plan if such a plan is

13   consistent with its authority." California Civil Code § 2923.6(b). If a borrower a complete

14   application for a first lien loan modification offered by, or through, the borrower's mortgage

15   servicer... then the servicer/beneficiary/bank shall not... record a notice of sale, or conduct a

16   trustee's sale while the application is pending and the servicer must make a written

17   determination that the borrower is ineligible." California Civil Code § 2923.6(c).

18   46. The loan is a first lien loan.

19   47. Plaintiff is informed and believes and based thereon alleges the sale of the subject

20   property has not yet been recorded.

21   48. As a result of the above alleged wrongs, including selling the subject property at a

22   foreclosure sale while Plaintiff's application was pending, Plaintiff have suffered general and

23   special damages in an amount to be determined at trial.

24   49. Plaintiff is also entitled to injunctive relief and attorney's fees.

25

26                                  **FOURTH CAUSE OF ACTION**

27   **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

28   50. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

1   48, inclusive, as though fully set forth herein.

2      51. Every contract imposes upon each party a duty of good faith and fair dealing in its

3   performance and its enforcement. This implied covenant of good faith and fair dealing requires

4   that no party will do anything that will have the effect of impairing, destroying, or injuring the

5   rights of the other party to receive the benefits of their agreement. The covenant implies that in

6   all contracts each party will do all things reasonably contemplated by the terms of the contract

7   to accomplish its purpose. This covenant protects the benefits of the contract that the parties

8   reasonably contemplated when they entered into the agreement.

9      52. The Foreclosing Defendants did not act in good faith and did not deal fairly with

10  Plaintiff in connection with reviewing Plaintiff's requests for modifications.

11     53. The Foreclosing Defendants engaged in such conduct to drive Plaintiff into foreclosure

12  so that they could acquire the Subject. These actions were a bad faith breach of the contract

13  between Plaintiff and the Foreclosing Defendants which show Foreclosing Defendants had no

14  intention of performing the contract, including the duty to properly review and respond to the

15  first and second requests for mortgage assistance, in good faith.

16     54. As a result of the Foreclosing Defendants' breaches of this covenant, Plaintiff has

17  suffered general and special damages in an amount to be determined at trial.

18

19                      **FIFTH CAUSE OF ACTION**

20                      **UNJUST ENRICHMENT**

21     55. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through

22  53, inclusive, as though fully set forth herein.

23     56. Between the initial application and the foreclosure sale, interest and penalties accrued

24  against Plaintiff to the benefit of Foreclosure Defendants.

25     57. By their wrongful acts and omissions, the Foreclosing Defendants have been unjustly

26  enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived.

27     58. By reason of the foregoing, Plaintiff seeks restitution from the Foreclosing Defendants,

28  and an order of this Court disgorging all profits, benefits, and other compensation obtained by

1  the Foreclosing Defendants from their wrongful conduct.

2

3  **SIXTH CAUSE OF ACTION**

4  **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS**

5  **17200 ET SEQ.**

6  59. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through

7  58, inclusive, as though fully set forth herein.

8  60. California Business & Professions Code Section 17200, et seq., prohibits acts of unfair

9  competition, which means and includes any "fraudulent business act or practice . . ." and

10  conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

11  61. As more fully described above, the Foreclosing Defendants' acts and practices are likely

12  to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and

13  continues to this date.

14  62. Specifically, the Foreclosing Defendants engage in deceptive business practices with

15  respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of

16  residential properties and related matters by

17  63. (a) Assessing improper or excessive late fees;

18  64. (b) Improperly characterizing customers' requests for mortgage assistance as incomplete

19  to generate unwarranted fees;

20  65. (c) Instituting improper or premature foreclosure proceedings to generate unwarranted

21  fees

22  66. (d) Seeking to collect, and collecting, various improper fees, costs and charges, that are

23  either not legally due under the mortgage contract or California law, or that are in excess of

24  amounts legally due;

25  67. (e) Executing and recording false and misleading documents

26  68. (f)  Failing to execute documents required by loan modification guidelines; and

27  69. (g) Acting as beneficiaries and trustees without the legal authority to do so.

28

1    70. The Foreclosing Defendants fail to act in good faith as they take fees for services but do

2    not render them competently and in compliance with applicable law.

3    71. Moreover, the Foreclosing Defendants engage in a uniform pattern and practice of unfair

4    and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees

5    against California consumers often resulting in unfair and illegal foreclosure proceedings. The

6    scheme implemented by the Foreclosing Defendants is designed to defraud California consumers

7    and enrich the Foreclosing Defendants.

8    72. The foregoing acts and practices have caused substantial harm to California consumers.

9    73. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices

10   of the Foreclosing Defendants, Plaintiff and California consumers have suffered and will

11   continue to suffer damages in the form of unfair and unwarranted late fees and other improper

12   fees and charges.

13   74. By reason of the foregoing, the Foreclosing Defendants have been unjustly enriched and

14   should be required to disgorge their illicit profits and/or make restitution to Plaintiff and other

15   California consumers who have been harmed, and/or be enjoined from continuing in such

16   practices pursuant to California Business & Professions Code Sections 17203 and 17204.

17   Additionally, Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available

18   under California Business and Professions Code Sec. 17200 and related sections.

19

20                               **PRAYER FOR RELIEF**

21      Wherefore, Plaintiffs pray for judgment against the Defendants and each of them, jointly

22   and severally, as follows:

23      1.    For a declaration of the rights and duties of the parties, specifically that the

24   foreclosure of Plaintiffs' residence was wrongful.

25      2.    For issuance of an Order canceling all Trustee's Deed Upon Sale.

26      3.    To vacate the Trustee's Deed.

27      4.    To vacate and set aside the foreclosure sale.

28

1    5.    For compensatory, special, general and punitive damages according to proof

2  against all Defendants.

3    6.    Pursuant to Business and Professions Code § 17203, that all Defendants, their

4  successors, agents, representatives, employees, and all persons who act in concert with them be

5  permanently enjoined from committing any acts of unfair competition in violation of § 17200,

6  including, but not limited to, the violations alleged herein.

7    8.    For civil penalties pursuant to statute, restitution, injunctive relief and reasonable

8  attorney's fees according to proof.

9    9.    For reasonable costs of suit and such other and further relief as the Court deems

10  proper.

11

12  DATED:

13

14  _____

15  Michael D. Bluto

16  Attorney for Aashwini Lal

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>AFFIDAVIT AND VERIFICATION</u>

2

3    **STATE OF CALIFORNIA**

4    **COUNTY OF SANTA CLARA**

5

6    I, AASHWINI LAL, Plaintiff in the above-entitled action against Defendants,

7    SPECIALIZED LOAN SERVICING LLC, SPECIALIZED ASSET MANAGEMENT LLC,

8    MTC FINANCIAL, INC. dba TRUSTEE CORPS, ALL PERSONS UNKNOWN, CLAIMING

9    ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE

10    PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR

11    ANY CLOUD ON PLAINTIFFS' TITLE THERETO; and DOES 1 - 20, INCLUSIVE, have

12    read the foregoing verified complaint and know the contents thereof.

13    I certify that the same is true to the best of my knowledge, information, and belief, formed

14    after an inquiry reasonable under the circumstances.

15    This lawsuit is not being presented primarily for an improper purpose, such as to harass or

16    to cause unnecessary delay or needless increase in the cost of litigation.

17    The claims, defenses, and other legal contentions therein are warranted by existing law, or

18    by a non-frivolous argument for the extension, modification or reversal of existing law, or the

19    establishment of new law.

20    The allegations and other factual contentions have evidentiary support or, if specifically so

21    identified, are likely to have evidentiary support after a reasonable opportunity for further

22    investigation or discovery.

23    The denials of factual contentions are warranted on the evidence or, if specifically so

24    identified, are reasonably based on a lack of information or belief.

25    I declare under penalty of perjury under the laws of the State of California that the

26    foregoing is true and correct.

27    DATED: October 30, 2014

28                           AASHWINI LAL



EXHIBIT "B"

1  Andrew A. Bao (SBN 247092)
   *aabao@wolfewyman.com*
2  Meagan S. Tom (SBN 2733489)
   *mstom@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **2175 N. California Blvd., Suite 645**
4  **Walnut Creek, California 94596-3502**
   Telephone:  (925) 280-0004
5  Facsimile:   (925) 280-0005

6  **Attorneys for Defendant**
   **SPECIALIZED LOAN SERVICING LLC**
7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DIVISION**

10

11 | AASHWINI LAL,                          | Case No.:
12 |             Plaintiff,                 | *(Superior Court Case No. 114CV272638)*
13 | v.                                     | **DECLARATION OF MEAGAN S. TOM IN**
14 | SPECIALIZED LOAN SERVICING LLC,        | **SUPPORT OF SPECIALIZED LOAN**
    | SPECIALIZED ASSET MANAGEMENT LLC,     | **SERVICING LLC'S NOTICE OF**
15 | MTC FINANCIAL, INC. dba TRUSTEE CORPS, | **REMOVAL OF ACTION PURSUANT TO**
    | DEUTSCHE BANK NATIONAL TRUST AS       | **28 U.S.C. §1441**
16 | TRUSTEE FOR GSR MORTGAGE LOAN          |
    | TRUST 2006-0A1, ALL PERSONS UNKNOWN   |
17 | CLAIMING ANY LEGAL OR EQUITABLE        |
    | RIGHT, TITLE, ESTATE, LIEN, OR INTEREST|
18 | IN THE PROPERTY DESCRIBED IN THE       |
    | COMPLAINT ADVERSE TO PLAINTIFFS'      |
19 | TITLE, OR ANY CLOUD ON PLAINTIFFS'     |
    | TITLE THERETO; and DOES 1-20, INCLUSIVE,|
20 |                                        |
    |             Defendants.               |
21

22                      **DECLARATION OF MEAGAN S. TOM**

23        I, Meagan S. Tom declare:

24        1.      I am an attorney licensed to practice before the United States District Court, Northern

25 District of California and the courts of the State of California at the law firm of Wolfe & Wyman

26 LLP, attorneys of record for Defendant SPECIALIZED LOAN SERVICING LLC, (in the above-

27 captioned matter.  I submit this declaration in support of Defendants' Notice of Removal of Action.

28
                                              1
   DECLARATION OF MEAGAN S. TOM IN SUPPORT OF SPECIALIZED LOAN SERVICING LLC'S NOTICE OF
                      REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

1968237.1

1   2.   I have personal knowledge of the facts contained in this declaration and if called upon

2   to do so, I could and would testify competently thereto.

3   3.   Pursuant to the website Zillow.com, the value of the property located at 1208

4   Lodestone Drive, San Jose, CA was $596,568.00 as of March 6, 2015.

5   I declare under penalty of perjury under the laws of the United States of America and the

6   State of California that the foregoing is true and correct.

MEAGAN S. TOM

DECLARATION OF MEAGAN S. TOM IN SUPPORT OF SPECIALIZED LOAN SERVICING LLC'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1968237.1



EXHIBIT "C"

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: #269467 | FOR COURT USE ONLY |
|---|---|
| Michael D. Bluto<br>P. O. Box 617<br>Corte Madera, CA<br>94976 | |

TELEPHONE NO.: (415) 886-0001   FAX NO. *(Optional)*: (510) 488-3106
E-MAIL ADDRESS *(Optional)*: mbluto@blutolaw.com
ATTORNEY FOR *(Name)*: Aashwini Lal

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS: 191 N. First St.
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Courthouse

PLAINTIFF/PETITIONER: Aashwini Lal

DEFENDANT/RESPONDENT: Specialized Loan Servicing, LLC, et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>114CV272638 |
|---|---|

TO *(insert name of party being served)*: Specialized Asset Management, LLC

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 1, 2014

Michael D. Bluto
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify)*:

A copy of the First Amended Complaint

*(To be completed by recipient)*:

Date this form is signed: 2/25/15
Meagan S.Tom
Nateu & Nyman LLP for Specialized Asset Management
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* #269467 | FOR COURT USE ONLY |
|---|---|
| Michael D. Bluto<br>P. O. Box 617<br>Corte Madera, CA<br>94976<br>TELEPHONE NO.: (415) 886-0001    FAX NO. *(Optional):* (510) 488-3106<br>E-MAIL ADDRESS *(Optional):* mbluto@blutolaw.com<br>ATTORNEY FOR *(Name):* Aashwini Lal | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
  STREET ADDRESS: 191 N. First St.
  MAILING ADDRESS: 191 N. First St.
  CITY AND ZIP CODE: San Jose, 95113
  BRANCH NAME: Downtown Courthouse

PLAINTIFF/PETITIONER: Aashwini Lal

DEFENDANT/RESPONDENT: Specialized Loan Servicing, LLC, et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>114CV272638 |
|---|---|

TO *(insert name of party being served):* Specialized Loan Servicing, LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

*Date of mailing:* December 1, 2014

Michael D. Bluto
  (TYPE OR PRINT NAME)

► _(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)_

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*
        A copy of the First Amended Complaint

*(To be completed by recipient):*

Date this form is signed: 2/25/15
Meagan S. Tom
Walfet Wyman LLP for specialized loan
                                         servicing, llc
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
   ON WHOSE BEHALF THIS FORM IS SIGNED)

► _(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)_

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

1  Michael D. Bluto, Esq.
2  P. O. Box 617
   Corte Madera, CA 94976
3  Tel:(415) 886-0001
   Fax:(510) 488-3106
4  mbluto@blutolaw.com
   SBA #269467
5  Attorney for Aashwini Lal

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                **COUNTY OF SANTA CLARA**

10                   **CIVIL DIVISION**

11

12  AASHWINI LAL                          ) Case No.: 114 CV 272638
                                          ) FIRST AMENDED VERIFIED
13        Plaintiff,                      ) COMPLAINT FOR
                                          ) (1) NEGLIGENCE;
14      vs.                               ) (2) WRONGFUL FORECLOSURE;
                                          ) (3) WRONGFUL FORECLOSURE;
15  SPECIALIZED LOAN SERVICING LLC,       ) (4) BREACH OF THE IMPLIED
16  SPECIALIZED ASSET MANAGEMENT          )     COVENANT OF GOOD FAITH AND
    LLC, MTC FINANCIAL, INC. dba          )     FAIR DEALING;
17  TRUSTEE CORPS, DEUTSCHE BANK          ) (5) UNJUST ENRICHMENT
    NATIONAL TRUST AS TRUSTEE FOR         ) (6) VIOLATION OF BUSINESS AND
18  GSR MORTGAGE LOAN TRUST 2006-0A1,)        PROFESSIONS CODE SECTIONS
19  ALL PERSONS UNKNOWN, CLAIMING         )     17200 ET SEQ.;
    ANY LEGAL OR EQUITABLE RIGHT,         )
20  TITLE, ESTATE, LIEN, OR INTEREST IN   ) JURY TRIAL DEMANDED
    THE PROPERTY DESCRIBED IN THE         )
21  COMPLAINT ADVERSE TO PLAINTIFFS'      )
    TITLE, OR ANY CLOUD ON PLAINTIFFS'    )
22  TITLE THERETO; and DOES 1 - 20,       )
23  INCLUSIVE                             )
                                          )
24        Defendants,                     )

25

26      Plaintiffs AASHWINI LAL, by and through her counsel, complains and for causes of action

27  alleges as follows:

28

1    1.  Plaintiff AASHWINI LAL ("Plaintiff") at all times mentioned herein is a resident of

2  Santa Clara County, California, residing at 1208 Lodestone Drive, San Jose, CA ("subject

3  property").

4    2.  Plaintiffs do not know the true names and capacities of the defendants sued herein as

5  DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants

6  by fictitious names.  Plaintiffs are informed and believe and based on such information and

7  belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally,

8  vicariously liable and or otherwise legally responsible in some manner for the acts and

9  omissions described herein.  Plaintiffs will amend this Complaint to set forth the true names and

10  capacities of each DOE Defendant when same are ascertained.

11    3.  Plaintiff is informed and believes and based thereon alleges that Defendant

12  SPECIALIZED LOAN SERVICING LLC ("SLS") is and at all times relevant to the facts

13  herein, was a Delaware corporation registered to do business in California, and doing business

14  in the County of Santa Clara, State of California as a loan servicer.

15    4.  Plaintiff is informed and believes and based thereon alleges that Defendant

16  SPECIALIZED ASSET MANAGEMENT LLC ("SAM") is and at all times relevant to the facts

17  herein, was a Delaware corporation registered to do business in California, and doing business

18  in the County of Santa Clara, State of California as a manager of foreclosed properties.

19    5.  Plaintiff is informed and believes and based thereon alleges that Defendant MTC

20  FINANCIAL, INC. is and at all times relevant to the facts herein, was a California corporation

21  doing business as TRUSTEE CORPS ("TC") doing business as a trustee.

22    6.  "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or

23  Interest In The Property Described In The Complaint Adverse To Plaintiffs' Title, Or Any

24  Cloud On Plaintiffs' Title Thereto" are sued herein pursuant to California Code of Civil

25  Procedure Section 762.020(a).

26    7.  Plaintiff is informed and believes and based thereon alleges that Defendant DEUTSCHE

27  BANK NATIONAL TRUST ("DBNT"), and at all times relevant to the facts herein was, doing

28

1   business in the County of Orange, State of California as trustee for GSR MORTGAGE LOAN

2   TRUST 2006-0A1 ("GSR").  Plaintiff is informed and believes that GSR at all times relevant to

3   the facts herein was in unlawful possession of a mortgage loan contract on the subject property,

4   and that DBNT, as trustee for GSR acted as the owner of the mortgage contract.

5        8.  Plaintiff does not know the true names and capacities of the defendants sued herein as

6   DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants

7   by fictitious names.  Plaintiff is informed and believes and based on such information and belief

8   alleges that each of the DOE Defendants is contractually, strictly, negligently, intentionally,

9   vicariously liable and or otherwise legally responsible in some manner for the acts and

10  omissions described herein.  Plaintiff will amend this Complaint to set forth the true names and

11  capacities of each DOE Defendant when same are ascertained.

12       9.  Plaintiff us informed and believes and based on such information and belief aver that

13  Defendants SLS, SAM, TR, and DOE Defendants 1 through 10, inclusive, and each of them, are

14  and at all material times have been, the agents, servants or employees of each other and of

15  DBNT, purporting to act within the scope of said agency, service or employment in performing

16  the acts and omitting to act as averred herein.  SLS, SAM, TR, DBNT and DOE Defendants 1

17  through 10, inclusive, are hereinafter collectively referred to as the "Foreclosing Defendants."

18       10. Each of the Defendants named herein are believed to, and are alleged to have been

19  acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each

20  of the other Defendants, and are therefore alleged to be jointly and severally liable for the

21  claims set forth herein, except as otherwise alleged.

22       11. Plaintiff entered into a mortgage loan contract ("the loan") with Doe 1 with the subject

23  property serving as collateral for the loan.

24       12. Plaintiff fell behind on payments and subsequently defaulted on the loan.

25       13. Prior to defaulting on the loan, the loan was unlawfully acquired by GSR, and thus by

26  DBNT as the legal trustee of GSR.

27       14. TR is, and at all times relevant to the facts herein, was utilized by DBNT as the trustee

28

1   for the loan.

2       15. SLS became the servicer of the loan on June 1, 2014.

3       16. Plaintiff brings this complaint for damages and injunctive relief due to "dual-tracking."

4       17. Specifically, Plaintiff has attempted in good faith to communicate with SLS toward a

5   modification of their home loan unsuccessfully.

6       18. Shortly after June 9, 2014 Plaintiff received a letter from SLS stating SLS was the

7   servicer of the loan as of June 1, 2014.

8       19. After receiving the aforesaid letter from SLS, Plaintiff sent a request for mortgage

9   assistance to SLS on June 13, 2014.

10      20. Plaintiff sent supporting documents to SLS from June 13, 2014 to June 17, 2014.

11  Plaintiff believed the application to be complete at this time.

12      21. On June 16, 2014 TC sent a letter to Plaintiff postponing a planned foreclosure sale to

13  July 18, 2014.

14      22. On July 3, 2014 SLS sent a letter to Plaintiff identifying a relationship manager.

15      23. On July 16, 2014 TC sent a letter to Plaintiff postponing the foreclosure sale to 8/13.

16      24. On July 29, 2014 SLS sent a letter to Plaintiff claiming it had not evaluated the loan

17  form modification because Plaintiff had not submitted necessary documents.  At no time before

18  did SLS send a written notice to Plaintiff detailing what documents were missing.

19      25. After verbal discussions between Plaintiff's attorney Michael Bluto ("Bluto") and SLS,

20  Plaintiff sent more documents to SLS, including tax returns with signatures instead of PIN

21  numbers, and updated financial information.  The documents were sent between August 8, 2014

22  and August 11, 2014.  Plaintiff believes that at this point the application was complete.

23      26. On August 12, 2014 SLS sent Plaintiff a form letter requesting additional documents,

24  but failed to request any documents specific to Plaintiff's request for modification.

25      27. On August 12, 2014 TR sent Plaintiff a letter postponing the foreclosure sale to October

26  6, 2014.

27      28. In mid-to-late September, 2014 Bluto called SLS to inquire as to the status of the request

28  for modification.  Bluto was told that several financial statements were out-of-date, and that

1   Plaintiff should submit a new request for modification application.

2       29. Having received no written denial or requests for documentation after sending

3   documents in August, and relying on the verbal request, Plaintiff submitted another complete,

4   up-to-date application to SLS on October 2, 2014.

5       30. On October 3, 2014, SLS verbally confirmed to Bluto that it had received the RMA and

6   all documentation needed.

7       31. Despite the Plaintiff's submission of two complete requests for mortgage assistance, and

8   without ever issuing a written denial of the requests or a meaningful written request for missing

9   documents Foreclosure Defendants maliciously and/or recklessly sold the subject property at a

10  foreclosure sale on October 6, 2014 to DBNT as trustee for GSR.

11      32. Plaintiff found out about the foreclosure sale until October 24, 2014 when an individual

12  visited the subject property and delivered notice that SAM is representing the new owner of the

13  property.

14      33. SLS strung Plaintiff along regarding the review of her application for loan modification.

15  Rather than offering Plaintiff a meaningful review for assistance, Defendants focused their

16  efforts on their own interests to foreclose.

17      34. Consequently, Plaintiff is informed and believes and based thereon alleges that SLS'

18  lack of assistance was in bad faith, and the sparse communications from SLS to Plaintiff prior to

19  the sale were a mere smokescreen to lull Plaintiff into a believing SLS was acting in good faith

20  to review Plaintiff for a loan modification.

21

22              **FIRST CAUSE OF ACTION FOR**

23                      **NEGLIGENCE**

24      35. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

25  34, inclusive, as though fully set forth herein.

26      36. At all times relevant herein, the Foreclosing Defendants, acting as Plaintiffs' lender and

27  loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate

28  loan records and to discharge and fulfill the other incidents attendant to the maintenance,

1  accounting and servicing of loan records, including, but not limited, accurate review of requests
2  for mortgage assistance.

3      37. In taking the actions alleged above, and in failing to take the actions as alleged above,
4  the Foreclosing Defendants breached their duty of care and skill to Plaintiff in the servicing of
5  Plaintiff's loan by, among other things, filing false documents, and foreclosing on the Subject
6  Property without having the legal authority and/or proper documentation to do so.

7      38. As a direct and proximate result of the negligence and carelessness of the Foreclosing
8  Defendants as set forth above, Plaintiff suffered general and special damages in an amount to be
9  determined at trial.

10     39. Plaintiff is also entitled to have the foreclosure sale vacated, to have any deed resulting
11  from the sale voided, and to have ownership of the property return to Plaintiff.

12

13                          **SECOND CAUSE OF ACTION**
14                          **WRONGFUL FORECLOSURE**

15     40. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through
16  34, inclusive, as though fully set forth herein.

17     41. Plaintiff is informed and believes and thereon alleges that after the origination and
18  funding of the loan, it was sold to investors as a "mortgage backed security" and that none of
19  the Foreclosing Defendants in this action owned this loan, or the corresponding note.
20  Moreover, none of the Foreclosing Defendants in this action were lawfully appointed as trustee
21  or had the original note assigned to them.  Accordingly, none of the Foreclosing Defendants in
22  this action had the right to declare default, cause notices of default to be issued or recorded, or
23  foreclose on Plaintiff's interest in the Subject Property. The Foreclosing Defendants were not
24  the note holder or a beneficiary at any time with regard to Plaintiff's loan.

25     42. Plaintiff further alleges on information and belief that none of the Foreclosing
26  Defendants in this action are beneficiaries or representatives of the beneficiary and, if the
27  Foreclosing Defendants allege otherwise, they do not have the original note to prove that they
28  are in fact the party authorized to conduct the foreclosure.

1    43. Plaintiff further alleges on information and belief that the loan was sold or transferred

2    without notifying the Plaintiffs in writing.  Therefore, the loan is void of legal rights to enforce

3    it. Accordingly, the Foreclosing Defendants did not fulfill their legal obligation to Plaintiff.

4    44. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject

5    Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the

6    Subject Property.

7    45. As a result of the above alleged wrongs, Plaintiff has suffered general and special

8    damages in an amount to be determined at trial.  Plaintiff is also entitled to have the foreclosure

9    sale vacated, to have any deed resulting from the sale voided, and to have ownership of the

10   property return to Plaintiff.

11

12                          **THIRD CAUSE OF ACTION**

13                          **WRONGFUL FORECLOSURE**

14   46. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

15   34, inclusive, as though fully set forth herein.

16   47. The Homeowners Bill of Rights States: "It is the intent of the Legislature that the

17   mortgage servicer offer the borrower a loan modification or workout plan if such a plan is

18   consistent with its authority." California Civil Code § 2923.6(b).  If a borrower a complete

19   application for a first lien loan modification offered by, or through, the borrower's mortgage

20   servicer... then the servicer/beneficiary/bank shall not... record a notice of sale, or conduct a

21   trustee's sale while the application is pending and the servicer must make a written

22   determination that the borrower is ineligible." California Civil Code § 2923.6(c).

23   48. The loan is a first lien loan.

24   49. As a result of the above alleged wrongs, including selling the subject property at a

25   foreclosure sale while Plaintiff's application was pending, Plaintiff have suffered general and

26   special damages in an amount to be determined at trial.

27   50. Plaintiff is also entitled to have the foreclosure sale vacated, to have any deed resulting

28   from the sale voided, to have ownership of the property return to Plaintiff, and to attorney's

LAL V. SPECIALIZED LOAN SERVICING LLC PLAINTIFF'S VERIFIED COMPLAINT        7

1   fees.

2

3                           **FOURTH CAUSE OF ACTION**

4   **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

5       51. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

6   34, inclusive, as though fully set forth herein.

7       52. Every contract imposes upon each party a duty of good faith and fair dealing in its

8   performance and its enforcement. This implied covenant of good faith and fair dealing requires

9   that no party will do anything that will have the effect of impairing, destroying, or injuring the

10  rights of the other party to receive the benefits of their agreement. The covenant implies that in

11  all contracts each party will do all things reasonably contemplated by the terms of the contract

12  to accomplish its purpose. This covenant protects the benefits of the contract that the parties

13  reasonably contemplated when they entered into the agreement.

14      53. The Foreclosing Defendants did not act in good faith and did not deal fairly with

15  Plaintiff in connection with reviewing Plaintiff's requests for modifications.

16      54. The Foreclosing Defendants engaged in such conduct to drive Plaintiff into foreclosure

17  so that they could acquire the Subject Property. These actions were a bad faith breach of the

18  contract between Plaintiff and the Foreclosing Defendants which show Foreclosing Defendants

19  had no intention of performing the contract, including the duty to properly review and respond

20  to the first and second requests for mortgage assistance, in good faith.

21      55. As a result of the Foreclosing Defendants' breaches of this covenant, Plaintiff has

22  suffered general and special damages in an amount to be determined at trial.

23      56. Plaintiff is also entitled to have the foreclosure sale vacated, to have any deed resulting

24  from the sale voided, and to have ownership of the property return to Plaintiff.

25

26                          **FIFTH CAUSE OF ACTION**

27                          **UNJUST ENRICHMENT**

28      57. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through

1    55, inclusive, as though fully set forth herein.

2    58. Between the initial application and the foreclosure sale, interest and penalties accrued

3    against Plaintiff to the benefit of Foreclosure Defendants.

4    59. By their wrongful acts and omissions, the Foreclosing Defendants have been unjustly

5    enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived.

6    60. By reason of the foregoing, Plaintiff seeks restitution from the Foreclosing Defendants,

7    and an order of this Court disgorging all profits, benefits, and other compensation obtained by

8    the Foreclosing Defendants from their wrongful conduct.

9

10    **SIXTH CAUSE OF ACTION**

11    **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS**

12    **17200 ET SEQ.**

13    61. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through

14    34, inclusive, as though fully set forth herein.

15    62. California Business & Professions Code Section 17200, et seq., prohibits acts of unfair

16    competition, which means and includes any "fraudulent business act or practice . . ." and

17    conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

18    63. As more fully described above, the Foreclosing Defendants' acts and practices are likely

19    to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and

20    continues to this date.

21    64. Specifically, the Foreclosing Defendants engage in deceptive business practices with

22    respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of

23    residential properties and related matters by

24    65. (a) Assessing improper or excessive late fees;

25    66. (b) Improperly characterizing customers' requests for mortgage assistance as incomplete

26    to generate unwarranted fees;

27    67. (c) Instituting improper or premature foreclosure proceedings to generate unwarranted

28    fees

1   68. (d)  Seeking to collect, and collecting, various improper fees, costs and charges, that are

2   either not legally due under the mortgage contract or California law, or that are in excess of

3   amounts legally due;

4   69. (e)  Executing and recording false and misleading documents

5   70. (f)  Failing to execute documents required by loan modification guidelines; and

6   71. (g)  Acting as beneficiaries and trustees without the legal authority to do so.

7   72. The Foreclosing Defendants fail to act in good faith as they take fees for services but do

8   not render them competently and in compliance with applicable law.

9   73. Moreover, the Foreclosing Defendants engage in a uniform pattern and practice of unfair

10   and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees

11   against California consumers often resulting in unfair and illegal foreclosure proceedings.  The

12   scheme implemented by the Foreclosing Defendants is designed to defraud California consumers

13   and enrich the Foreclosing Defendants.

14   74. The foregoing acts and practices have caused substantial harm to California consumers.

15   75. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices

16   of the Foreclosing Defendants, Plaintiff and California consumers have suffered and will

17   continue to suffer damages in the form of unfair and unwarranted late fees and other improper

18   fees and charges.

19   76. By reason of the foregoing, the Foreclosing Defendants have been unjustly enriched and

20   should be required to disgorge their illicit profits and/or make restitution to Plaintiff and other

21   California consumers who have been harmed, and/or be enjoined from continuing in such

22   practices pursuant to California Business & Professions Code Sections 17203 and 17204.

23   Additionally, Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available

24   under California Business and Professions Code Sec. 17200 and related sections.

25

26   **PRAYER FOR RELIEF**

27   Wherefore, Plaintiffs pray for judgment against the Defendants and each of them, jointly

28   and severally, as follows:

1.    For a declaration of the rights and duties of the parties, specifically that the foreclosure of Plaintiffs' residence was wrongful.

2.    For issuance of an Order canceling all Trustee's Deed Upon Sale.

3.    To vacate the Trustee's Deed.

4.    To vacate and set aside the foreclosure sale and to void any deed resulting from the sale.

5.    For compensatory, special, general and punitive damages according to proof against all Defendants.

6.    Pursuant to Business and Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein.

8.    For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorney's fees according to proof.

9.    For reasonable costs of suit and such other and further relief as the Court deems proper.


DATED:


_____

Michael D. Bluto

Attorney for Aashwini Lal


LAL V. SPECIALIZED LOAN SERVICING LLC PLAINTIFF'S VERIFIED COMPLAINT        11

1               **AFFIDAVIT AND VERIFICATION**

2

3 **STATE OF CALIFORNIA ·**

4 **COUNTY OF SANTA CLARA**

5

6    I, AASHWINI LAL, Plaintiff in the above-entitled action against Defendants,

7 SPECIALIZED LOAN SERVICING LLC, SPECIALIZED ASSET MANAGEMENT LLC,

8 MTC FINANCIAL, INC. dba TRUSTEE CORPS, DEUTSCHE BANK NATIONAL TRUST

9 AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-0A1, ALL PERSONS

10 UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN,

11 OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO

12 PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; and DOES 1

13 - 20, INCLUSIVE, have read the foregoing first amended verified complaint and know the

14 contents thereof.

15    I certify that the same is true to the best of my knowledge, information, and belief, formed

16 after an inquiry reasonable under the circumstances.

17    This lawsuit is not being presented primarily for an improper purpose, such as to harass or

18 to cause unnecessary delay or needless increase in the cost of litigation.

19    The claims, defenses, and other legal contentions therein are warranted by existing law, or

20 by a non-frivolous argument for the extension, modification or reversal of existing law, or the

21 establishment of new law.

22    The allegations and other factual contentions have evidentiary support or, if specifically so

23 identified, are likely to have evidentiary support after a reasonable opportunity for further

24 investigation or discovery.

25    The denials of factual contentions are warranted on the evidence or, if specifically so

26 identified, are reasonably based on a lack of information or belief.

27    I declare under penalty of perjury under the laws of the State of California that the

28 foregoing is true and correct.

1    DATED: November 14, 2014

2                                              AASHWINI LAL

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAL V. SPECIALIZED LOAN SERVICING LLC PLAINTIFF'S VERIFIED COMPLAINT        13